## Case No. 9,424.

### In re MENDENHALL.

[9 N. B. R. 380;[1] 19 Int. Rev. Rec. 86; 6 Chi. Leg. News, 192.]

District Court, D. Minnesota. 1874.

BANKRUPTCY—PETITION— PERMISSION TO WITHDRAW—DELAY.

A creditor filed petition to have his debtor adjudged bankrupt, and subsequently, on the creditor's debt being settled by the debtor, on the return day of the order to show cause, entered a motion to dismiss the proceedings. Another creditor presented a petition alleging the acts of bankruptcy charged were true, and praying that the motion be denied and the case proceed. *Held*, that while permission to withdraw would not prevent other creditors from instituting new proceedings, it would delay and embarrass the

[1] [Reprinted from 9 N. B. R. 380, by permission.]

operation of the act, and it must, therefore, be denied.

[Cited in Re Lacey. Case No. 7,965; Re Western Sav. & Trust Co., Id. 17,442; Re Sheffer, Id. 12,742.]

[This case was previously heard upon petition of the creditor asking for production of certain books. Case No. 9,423.]

On February 2d, 1874, an order to show cause was issued, upon the petition of Lydia T. Pomeroy, to have the debtor, Mendenhall, adjudged a bankrupt. The return day was fixed on February 9th, and on the 6th inst. a motion was made, by the solicitor appearing for the debtor, to dismiss all proceedings. To sustain the motion, a petition of Lydia T. Pomeroy was presented, setting forth that the debtor had fully settled her debt against him, and she asks that the proceedings instituted may be dismissed, and that she be permitted to withdraw her original petition. John Kausal, who also claims to be a creditor of the debtor, resists the motion to dismiss, and presents a petition properly verified in which he states his claim, and alleges that the debtor had committed the acts of bankruptcy charged by Lydia T. Pomeroy, and asks that the motion be denied, and that his claim be substituted at the proper time and the case proceed.

C. H. Benton, for debtor.

Cooley & Lowery and Merrick & Morrison, for creditor, Kausal.

NELSON, District Judge. The only question necessary to consider, and which will dispose of this motion to dismiss, is, can any creditor, other than the one petitioning that the debtor be adjudged a bankrupt, intervene at any time before adjudication and be heard upon an application made to the court in behalf of the debtor? I confess that on first view, it would seem that, following the analogy between ordinary actions, no third party could meddle with the proceedings which, upon the face of the pleading and papers on file, appear to be between two parties—the petitioning creditor and his alleged debtor. From an examination, however, of the objects of the bankrupt law [of 1867 (14 Stat. 517)], and the result to be accomplished by the involuntary proceedings, it at once appears that something more is to be effected by the prosecution of a suit in the bankruptcy court, than is originally sought by a suit at law.

The submission of the estate of a debtor for distribution among all his creditors—ignoring all preference—is the chief object to be attained by these proceedings, and not only the petitioner but every creditor is directly interested in compelling this distribution. The bankrupt law, in section forty-two, makes provision for a substitution of any other creditor, on the return day, or adjourned day, when the petitioner fails to appear and proceed, but this does not prohibit a creditor from asking intervention at any time, when

necessary for the purpose of preserving and protecting his interest in the estate of the debtor. If he is seeking earnestly to enforce a meritorious claim, I can see no reason why a court should not recognize his application, and allow him to intervene for the purpose of protecting his interests.

Tested by the above remarks, it seems to me the last creditor is entitled to be heard, and from the allegations in his sworn petition, which, for the purposes of this motion, must be taken as true, there can be no doubt that his intervention is just and proper, and may serve to protect the interest of all the creditors. The petitioning creditor, after instituting proceedings which, when completed, would subject the estate of the debtor to the demands of all creditors, if the allegations in her petition are true, received payment of her claim, and acknowledging an acquittance, asks a withdrawal of these proceedings. Now, while a permission to withdraw would not prevent other creditors from instituting new proceedings, I can see that not only a delay would occur which might embarrass the operation of the bankrupt law, but a combination might be formed among some of the creditors which would prevent a fair and equal distribution of the debtor's estate.

Motion to dismiss denied.

[This case was again heard upon the petition of a creditor to be substituted for the original petitioner. Case No. 9,425.]